Filed 6/5/15  In re J.G. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | C077448 |
| THE PEOPLE, | (Super. Ct. No. 70417) |
| Plaintiff and Respondent, | |
| v. | |
| J.G., | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *In re Kevin S.* (2003) 113 Cal.App.4th 97 (*Kevin S.*).  Having reviewed the record as required by *Wende* and *Kevin S.*, we affirm the judgment.

A petition filed April 22, 2014, pursuant to Welfare and Institutions Code section 602 alleged that the minor committed an assault by means of force likely to

1

produce great bodily injury (Pen. Code, § 245, subd. (a)(1)),[1] a battery with serious bodily injury (§ 243, subd. (d)), and a misdemeanor battery on school grounds (§ 243.2, subd. (a)). The allegations arose from a January 9, 2014, confrontation during which the minor and another individual approached and punched the victim seven times on the face and head. The minor said "East Side" during the assault, which occurred near the school cafeteria.

As part of a negotiated resolution, the minor admitted to committing a battery on school grounds resulting in a misdemeanor violation of section 243.2, subdivision (a). The juvenile court adjudged the minor a ward of the court. The juvenile court declared the offense a misdemeanor and ordered the minor to complete 80 hours of community service work. The minor and his parents were also ordered to pay a $25 restitution fine, a $25 general fund fine, and a total sum of $66.88 in penalty assessments. Restitution to the victim was reserved. The minor was further ordered not to have contact with the victim or anyone known to the minor to be a gang member or to be on probation or parole (or anyone the probation department informs him is such).

The minor appealed. We appointed counsel to represent the minor on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436; *Kevin S.*, *supra*, 113 Cal.App.4th 97.) The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from the minor.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to the minor.

---

[1] Further undesignated statutory references are to the Penal Code.

**DISPOSITION**

The judgment is affirmed.

                                                  _____RAYE_____, P. J.

We concur:

_____ROBIE_____, J.

_____DUARTE_____, J.